1  Perry R. Clark (197101)
   Jia Jia Gu (244863)
2  perry.clark@kirkland.com
   zhuanjia.gu@kirkland.com
3  KIRKLAND & ELLIS LLP
   950 Page Mill Road
4  Palo Alto, California  94304
   Telephone: (650) 859-7000
5  Facsimile: (650) 859-7500

6  Sarah L Forney (254769)
   sarah.forney@kirkland.com
7  KIRKLAND & ELLIS LLP
   555 California Street, Suite 2700
8  San Francisco, California  94104
   Telephone: (415) 439-1400
9  Facsimile: (415) 439-1500

10 Attorneys for Plaintiff

11              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
12                  SAN FRANCISCO DIVISION

13 Petroliam Nasional Berhad,          )   CASE NO. 09-CV-_____
                                       )
14         Plaintiff,                  )   **COMPLAINT FOR TRADEMARK
                                       )   INFRINGEMENT, UNFAIR
15                                     )   COMPETITION, CYBER-SQUATTING
   v.                                  )   AND REQUEST FOR INJUNCTIVE
16                                     )   RELIEF**
                                       )
17                                     )   **JURY TRIAL DEMANDED**
   GoDaddy.com, Inc.                   )
18                                     )   Complaint Filed:  12/18/2009
           Defendant.                  )
19                                     )   Hearing Date:     12/18/2009
                                       )
20 _____)

21

22

23

24

25

26

27

28

COMPLAINT

Plaintiff Petroliam Nasional Berhad ("PETRONAS") for its Complaint, alleges as follows against Defendant, GoDaddy.com, Inc. ("GoDaddy"):

## THE PARTIES

1.  Plaintiff Petroliam Nasional Berhand, also known as PETRONAS, is wholly-owned by the Government of Malaysia and is vested with the entire ownership and control of the petroleum resources in Malaysia. PETRONAS is a corporation duly organized under the laws of Malaysia with a principal place of business located at Tower 1, PETRONAS Twin Towers, Kuala Lumpur City Centre, 50088 Kuala Lumpur, Malaysia.

2.  Upon information and belief, Defendant GoDaddy.com, Inc. ("GoDaddy") is an Arizona Corporation with a principal place of business at 14455 N. Hayden Rd. Suite 219, Scottsdale, AZ 85260.

## JURISDICTION AND VENUE

3.  This case arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*. There is also diversity of citizenship between the parties and there is at least $75,000 in controversy. As such, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 1332, and 1338(a) and (b) as well as principles of pendant jurisdiction. The Court has supplemental jurisdiction over all other claims under U.S.C. § 1367.

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

5.  This Court has personal jurisdiction over the Defendant GoDaddy because of GoDaddy's contacts with this forum, including doing business with residents of the forum.

## INTRADISTRICT ASSIGNMENT

6.  This is an Intellectual Property case and, as a result, there is no basis for assignment to any particular division pursuant to Civil L.R. 3-2(c).

**FACTUAL ALLEGATIONS**

7. Plaintiff is a fully-integrated oil and gas corporation and is ranked among Fortune Global 500's largest corporations in the world. Plaintiff's business encompasses the full spectrum of oil and gas operations in the areas of upstream oil and gas exploration and production, downstream oil refining, marketing and distribution of petroleum products, trading, gas processing and liquefaction, gas transmission pipeline network operations, marketing of liquefied natural gas, petrochemical manufacturing and marketing, shipping and property investment.

8. Plaintiff has operations in more than thirty-three (33) countries worldwide and employs approximately 16,000 people.

9. The PETRONAS Twin Towers house PETRONAS' headquarters and are one of the most well-known landmarks in Asia. The PETRONAS Twin Towers are extremely closely identified with PETRONAS. The PETRONAS Twin Towers attract visitors from Malaysia and the rest of the world for the commercial, cultural and other offerings housed at the PETRONAS Twin Towers.

10. Plaintiff's sole and official website is "www.petronas.com.my" ("Official Petronas Website"). PETRONAS also owns "www.petronastwintows.com.my" along with several U.S.-based "mirror" websites including the URLs "www.petronas.com," "www.petronas.org," "www.petronas.my," and "www.petronastwintowers.com."

11. The Official Petronas Website is a widely viewed manifestation of the PETRONAS corporate identity. Among other things, PETRONAS uses the Official Petronas Website to project a corporate image that reflects the values of the employees, management, and shareholders of PETRONAS, including the people of Malaysia who, through the Government of Malaysia, own a stake in the company. PETRONAS also uses the Official Petronas Website to provide news and information about its business, communicate with customers, potential customers, and employees,

recruit and hire employees for its locations around the word, advertise its products, and promote its brand.

12.     PETRONAS uses the "petronastwintowers.com.my" domain name for the official website of the PETRONAS Twin Towers and uses "petronastwintowers.com" to redirect to "petronastwintowers.com.my." The "petronastwintowers.com.my" website is intended to provide information to as many people as possible about the PETRONAS Twin Towers.

13.     PETRONAS owns all right, title, and interest in U.S. Trademark No. 2969707 for "PETRONAS."

14.     PETRONAS has not authorized the use of the PETRONAS mark in connection with the "petronastower.net" domain name or website.

15.     On or about November 26, 209, PETRONAS learned that the domain name "petronastower.net" ("Infringing Domain Name") had been registered with Defendant, GoDaddy.

16.     The website affiliated with the Infringing Domain Name, (the "Infringing Website") found at "petronastower.net" contains highly offensive, obscene, and pornographic material.

17.     Beginning on or about November 26, 2009, PETRONAS contacted GoDaddy repeatedly to inform it of the unauthorized use of the "PETRONAS" mark in connection with the "petronastower.net" in the Infringing Domain Name, that highly offensive, obscene, and pornographic material was being displayed on the Infringing Website associated with the Infringing Domain Name, and requested that GoDaddy cease its direct and contributory infringement of Plaintiff's mark.

18.     On or about December 1, 2009, GoDaddy's "Spam and Abuse Department" responded to PETRONAS stating that it is "prohibited from becoming involved in domain name ownership disputes" and refusing to take any action with respect to the Infringing Domain Name and offensive Infringing Website. According to GoDaddy, any dispute over the "ownership or wording

COMPLAINT                                                   4

of the domain name itself will need to be sent to either the registrant, through an arbitration forum such as the World Intellectual Property Organization, or the local court system."

19. On December 14, 2009 PETRONAS contacted GoDaddy via telephone to inform it that the Infringing Domain Name and offensive Infringing Website remained active, and requested that GoDaddy cease its direct and contributory infringement of Plaintiff's mark.

20. On December 16, 2009, PETRONAS again contacted GoDaddy to provide a formal Notice of Trademark Infringement and to request that the Infringing Website be disabled. PETRONAS provided GoDaddy with a signed declaration identifying the address of the offensive Infringing Website, the registrant information for the Infringing Website as obtained from the WHOIS database, and information regarding PETRONAS' trademark rights, including PETRONAS' registration of U.S. Trademark No. 2969707 for "PETRONAS."

21. On December 16, 2009 GoDaddy responded to PETRONAS stating that it would not disable the Infringing Domain Name or Infringing Website and that any disputes over the "ownership or wording of the domain name itself will need to be sent to either the registrant, through an arbitration forum such as the World Intellectual Property Organization, or the local court system."

22. GoDaddy does not occupy the neutral position of a registrar and is not working with trademark owners to prevent cyber-squatting. GoDaddy offers "unlisted" private domain name registration services. On information and belief, GoDaddy's "unlisted" registration services provide Defendant has refused to cooperate with PETRONAS and has acted in bad faith and with reckless disregard of PETRONAS' known trademark rights.

23. As of the filing of this Complaint, GoDaddy has not taken any steps to remove or otherwise disable the offensive Infringing Website.

## COUNT ONE
## Cybersquatting and Contributory Cybersquatting Under 15 U.S.C. § 1125(d)

24. Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. Plaintiff is the owner of and has full right, title and interest in U.S. Trademark No. 2969707 for "PETRONAS."

26. Plaintiff has used the "PETRONAS" mark continually since at least 2005.

27. The "PETRONAS" mark was distinctive and federally registered at the USPTO at the time the Infringing Website was registered and used.

28. On information and belief, Defendant GoDaddy registered, trafficked in, or used the Infringing Website in bad faith and with a bad faith intent to profit from the goodwill Plaintiff has established in its "PETRONAS" mark.

29. Defendant GoDaddy does not have any intellectual property rights or any other rights in the "PETRONAS" mark.

30. On information and belief, the Infringing Website does not consist of the legal name of the registrant, host, or registrar of the Infringing Domain Name, including GoDaddy, nor a name that is otherwise commonly used to identify any of these individuals or entities.

31. On information and belief, the registrant, host, or registrar of the Infringing Domain Name, including GoDaddy, have not made any prior use of any Infringing Domain Name or Infringing Website in connection with any *bona fide* offering of any goods or services.

32. On information and belief, the registrant, host, or registrar of the Infringing Domain Name, including GoDaddy, not made any *bona fide* fair use of the "PETRONAS" mark on the Infringing Website.

33. On information and belief, the registrant, host, or registrar of the Infringing Domain Name, including GoDaddy, registered and used the Infringing Website to divert consumers from

PETRONAS' website to the Infringing Website accessible under the infringing domain name for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the website.

34. The registration, use, or trafficking in the Infringing Website and infringing domain name constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling Plaintiff to relief.

35. By reason of the acts alleged herein, Plaintiff's remedy at law is not adequate to compensate it for its injuries. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 116.

36. By reason of the acts alleged herein, Plaintiff is entitled to recover Defendant's profits, actual damages, and the costs of the action, or statutory damages under 15 U.S.C. § 1117, on election by Plaintiff, in an amount of one hundred thousand dollars ($100,000) for the domain name infringement.

37. This is an exceptional case making Plaintiff eligible for an award of attorney's fees under 15 U.S.C. § 1117.

### COUNT TWO
### Trademark Infringement and Contributory Infringement Under § 1114(1)

38. Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39. Plaintiff is the owner of and has full right, title and interest in U.S. Trademark No. 2969707 for "PETRONAS".

40. Plaintiff has used the "PETRONAS" mark in commerce continually since at least 2005.

41. The use of Plaintiff's "PETRONAS" mark on the Infringing Website is without permission or consent.

42. The use of Plaintiff's "PETRONAS" mark has caused and is likely to continue to cause confusion, mistake, and deception among the public, including Plaintiff's customers and employees.

43. The use of the "PETRONAS" mark is likely to cause initial interest confusion among the general public.

44. The use of Plaintiff's "PETRONAS" mark in the Infringing Domain Name constitutes trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Plaintiff to relief.

45. Defendant GoDaddy has contributed to, intentionally induced, and facilitate the infringement of Plaintiff's "PETRONAS" mark by registering the Infringing Domain Name.

46. Defendant GoDaddy continues to permit the Infringing Domain Name and Infringing Website despite repeated requests that it be removed or disabled and with knowledge that the Infringing Domain Name and Infringing Website infringe Plaintiff's "PETRONAS" mark.

47. GoDaddy has unfairly profited from the infringing actions alleged.

48. By reason of the acts alleged herein, Plaintiff has suffered damage to the goodwill associated with the "PETRONAS" mark.

49. The acts alleged herein have irreparably harmed and, if not enjoined will continue to irreparably harm Plaintiff and its log-used and federally registered "PETRONAS" mark.

50. The acts alleged herein have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public, who has an interest in being free from confusion, mistake, and deception.

51. By reason of the acts alleged herein, Plaintiff's remedy at law is not adequate to compensate it for its injuries. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

52. By reason of the willful acts alleged herein, Plaintiff is entitled to damages, and that

those damages be trebled under 15 U.S.C. § 1117.

53.   This is an exceptional case making Plaintiff eligible for an award of attorney's fees under 15 U.S.C. § 1117.

### COUNT THREE
### False Designation of Origin of the "PETRONAS" Mark

54.   Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55.   The use in commerce of the "PETRONAS" mark in the Infringing Domain Name and associated with the Infringing Website is likely to cause confusion, or to cause mistake, or to deceive the relevant public that the Infringing Domain Name displayed at the offensive Infringing Website is authorized, sponsored, approved by, or affiliated with Plaintiff.

56.   The use of the "PETRONAS" mark and the Infringing Domain Name is likely to cause initial interest confusion among the general public.

57.   The above-described acts constitute trademark infringing of the "PETRONAS" mark and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Plaintiff to relief.

58.   On information and belief, the registrant, host, or registrar of the Infringing Domain Name, including GoDaddy, have unfairly profited from the acts alleged herein.

59.   By reason of the acts alleged herein, Plaintiff has suffered damage to the goodwill associated with the "PETRONAS" mark.

60.   The acts alleged herein have irreparably harmed and, if not enjoined will continue to irreparably harm Plaintiff and its log-used and federally registered "PETRONAS" mark.

61.   The acts alleged herein have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public, who has an interest in being free from confusion, mistake, and deception.

62.     By reason of the acts alleged herein, Plaintiff's remedy at law is not adequate to compensate it for its injuries. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

63.     By reason of the willful acts alleged herein, Plaintiff is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

64.     This is an exceptional case making Plaintiff eligible for an award of attorney's fees under 15 U.S.C. § 1117.

## COUNT FOUR
### Dilution Under 15 U.S.C. §1125(c)

65.     Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 64 of this Complaint as though fully set forth herein.

66.     Plaintiff's "PETRONAS" mark is famous, as that term is used in 15 U.S.C. § 1125(c), and was famous before the use, registration and trafficking of the "PETRONAS" mark in the Infringing Domain Name. Plaintiff's mark is famous based on, among other things, the inherent distinctiveness and federal registration of the "PETRONAS" mark and the extensive, and exclusive nationwide use, advertising, promotion, and recognition of the "PETRONAS" mark.

67.     The use of the "PETRONAS" mark and the related Infringing Domain Name and Infringing Website in commerce is likely to cause dilution by blurring or dilution by tarnishment of the "PETRONAS" mark.

68.     The above-described acts constituted dilution by blurring and dilution by tarnishment in violation of 15 U.S.C. § 1125(c), entitling Plaintiff to relief.

69.     On information and belief, the registrant, host, or registrar of the Infringing Domain Name, including GoDaddy, have unfairly profited from the acts alleged herein.

70.     By reason of the acts alleged herein, Plaintiff has suffered damage to the goodwill

associated with the "PETRONAS" mark, and has suffered irreparable harm.

71.     The acts alleged herein have irreparably harmed and, if not enjoined will continue to irreparably harm Plaintiff and its long-used and federally registered "PETRONAS" mark.

72.     By reason of the acts alleged herein, Plaintiff's remedy at law is not adequate to compensate it for its injuries. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

73.     By reason of the willful acts alleged herein, Plaintiff is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

74.     This is an exceptional case making Plaintiff eligible for an award of attorney's fees under 15 U.S.C. § 1117.

## COUNT FIVE
### Trademark Infringement Under California Business & Professions Code § 14320 and California Common Law

75.     Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 78 of this Complaint as though fully set forth herein.

76.     Defendant GoDaddy has contributed to, intentionally induced, and facilitated the unauthorized used in commerce of the "PETRONAS" mark, the Infringing Domain Name and the Infringing Website in connection with its business.

77.     The use in commerce of the "PETRONAS" mark, the Infringing Domain Name, and the Infringing Website in connection with GoDaddy's services is likely to cause confusion or mistake or to deceive as to the source of origin of those services.

78.     The above-described acts constitute trademark infringement in violation of California Business & Professions Code § 14320 and under the common law of the State of California, entitling Plaintiff to relief.

79.     On information and belief, the registrant, host, or registrar of the Infringing Domain

Name, including GoDaddy, have unfairly profited from the acts alleged herein.

80. By reason of the acts alleged herein, Plaintiff has suffered damage to the goodwill associated with the "PETRONAS" mark, and has suffered irreparable harm.

81. By reason of the acts alleged herein, Plaintiff's remedy at law is not adequate to compensate it for its injuries. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to California Business & Professions Code § 14335.

### COUNT SIX
### Unfair Competition Under California Business & Professions Code § 17200 and California Common Law

82. Plaintiff realleges and incorporates by reference each of the allegations contained I Paragraphs 1 through 85 of this Complaint as though fully set forth herein.

83. Defendant GoDaddy has contributed to, intentionally induced, and facilitated the unauthorized used in commerce of the "PETRONAS" mark, in violation of Plaintiff's proprietary rights. Such acts constitute unfair trade practices and unfair competition under California Business and Professions Code §§ 17200 *et seq.*, and under the common law of the State of California, entitling Plaintiff to relief.

84. Pursuant to California Business and Professions Code § 17203, Defendant is required to disgorge and restore to Plaintiff all profits and property acquired by means of Defendant's unfair competition.

85. Due to the Defendant GoDaddy's conduct, Plaintiff has suffered irreparable harm, suffered injury in fact, and has lost money or property as a result of Defendant's acts of unfair business practices alleged herein. It would be difficult to ascertain the amount of money damages that would afford Plaintiff adequate relief at law for Defendant's acts. Plaintiff's remedy at law is not adequate to compensate it for its injuries. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to California Business and Professions Code § 17203.

86. On information and belief, Defendant's conduct ahs been intentional and willful and in conscious disregard of Plaintiff's rights and, therefore, Plaintiff is entitled to its attorney's fees.

### REQUEST FOR RELIEF

Therefore, Plaintiff respectfully requests judgment against Defendant GoDaddy as follows:

(a) Defendant GoDaddy has infringed Plaintiff's rights in the "PETRONAS" mark in violation of 15 U.S.C. § 1125(d);

(b) Defendant GoDaddy has infringed Plaintiff's rights in the "PETRONAS" mark in violation of 15 U.S.C. § 1114(1);

(c) Defendant GoDaddy has violated Plaintiff's rights in the "PETRONAS" mark in violation of 15 U.S.C. § 1125(a);

(d) Defendant GoDaddy has violated Plaintiff's rights in the "PETRONAS" mark in violation of 15 U.S.C. § 1125(c);

(e) Defendant GoDaddy has infringed Plaintiff's rights in the "PETRONAS" mark in violation of California Business and Professions Code § 14320; and

(f) Defendant GoDaddy has infringed Plaintiff's rights in the "PETRONAS" mark in violation of California Business and Professions Code § 17200 and the common law;

(g) Defendant GoDaddy, its agents, representatives, employees, assigns, and all persons acting in concert or privity with Defendant GoDaddy, be preliminarily and permanently enjoined from the continued registry and hosting of the Infringing Website and cease contributing to the infringement of Plaintiff's "PETRONAS" trademark.

(h) Defendant GoDaddy be ordered to transfer the Infringing Domain Name to Plaintiff PETRONAS;

(i) Defendant GoDaddy pay Plaintiff's damages as provided under the Lanham Act and that those damages be trebled under 15 U.S.C. § 1117;

(j) Defendant GoDaddy be ordered to pay statutory damages under 15 U.S.C. § 1117(d), on election by Plaintiff, in an amount of One Hundred Thousand Dollars ($100,000) for domain name infringement;

1     (k)    Defendant GoDaddy pay Plaintiff's attorney's fees, prejudgment interest, and costs of this action under 15 U.S.C. § 1117 and under California Business and Professions Code § 17200, and under the California common law;

    (l)    Defendant GoDaddy be ordered to account to Plaintiff for, and disgorge, all profits it may have derived by reason of the unlawful acts complained of above;

    (m)    Plaintiff is awarded any other further relief as the Court may deem just and proper.

DATED: December 18, 2009

Respectfully submitted,

_/s/ Perry R. Clark_

Perry R. Clark (197101)  
Jia Jia Gu (244863)  
KIRKLAND & ELLIS LLP  
950 Page Mill Road  
Palo Alto, California  94304  
Telephone: (650) 859-7000  
Facsimile: (650) 859-7500

Sarah L Forney (254769)  
KIRKLAND & ELLIS LLP  
555 California Street, Suite 2700  
San Francisco, California  94104  
Telephone: (415) 439-1400  
Facsimile: (415) 439-1500

Attorneys for Plaintiff  
Petroliam Nasional Berhad

## DEMAND FOR JURY TRIAL

Plaintiff, Petroliam Nasional Berhad ("PETRONAS"), hereby demands a jury trial to decide all issues so triable in this case pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: December 18, 2009

Respectfully submitted,

Perry R. Clark (197101)
Jia Jia Gu (244863)
KIRKLAND & ELLIS LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone: (650) 859-7000
Facsimile: (650) 859-7500

Sarah L Forney (254769)
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Attorneys for Plaintiff
Petroliam Nasional Berhad