Perry R. Clark, Esq.
Law Offices of Perry R. Clark
1245 Hamilton Avenue
Palo Alto, CA 94301
Telephone: (650) 248-5817
Facsimile: (650) 248-5816
perry@perryclarklaw.com

Attorney for Plaintiff
PETROLIAM NASIONAL BERHAD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PETROLIAM NASIONAL BERHAD,<br><br>    Plaintiff,<br><br>    vs.<br><br>GODADDY.COM, INC.,<br><br>    Defendant. | CASE NO: 09-CV-5939 PJH<br><br>Date: April 28, 2010<br>Time: 9:00 a.m.<br>Location: Courtroom 3<br>         Third Floor |
| PETROLIAM NASIONAL BERHAD,<br><br>    Plaintiff,<br><br>    vs.<br><br>PETRONASTOWER.NET, an internet domain name,<br><br>    Defendant. | CASE NO: 10-CV-00431 EMC |

**NOTICE OF MOTION AND
MOTION FOR ORDER TRANSFERRING DOMAIN NAME
PURSUANT TO 15 U.S.C. § 1125(D) AND
FOR ENTRY OF JUDGMENT**

*UNOPPOSED MOTION FOR ENTRY OF STIPULATED ORDER RELATING CASES PENDING*

NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR ORDER TRANSFERRING DOMAIN NAME PURSUANT TO 15 U.S.C. § 1125(D) AND FOR ENTRY OF JUDGMENT
Case Nos: 09-CV-5939 PJH and 10-CV00431 EMC

## I. NOTICE OF MOTION

TO ALL PARTIES AND COUNSEL OF RECORD: Please take notice that pursuant to Civil Local Rule 7-11 Plaintiff Petroliam Nasional Berhad ("Plaintiff" or "Petronas") hereby makes this unopposed motion for an order transferring the domain name "petronastower.net" to Plaintiff Petronas pursuant to 15 U.S.C. § 1125(D) and for entry of judgment.

## II. STATEMENT OF RELIEF REQUESTED

Plaintiff Petronas requests that this Court issue an order directing GoDaddy.Com, Inc. to transfer the domain name "petronastower.net" to Plaintiff Petronas pursuant to 15 U.S.C. § 1125(D). Plaintiff Petronas further requests an order entering judgment in Petronas's favor in this action. Counsel for GoDaddy has informed counsel for Petronas that "GoDaddy is not taking any position, however, with respect to the allegations in that lawsuit and, in particular, is not taking any position with respect to your motion." Ex. A. Plaintiff Petronas is not aware of any person or entity that does, or would, oppose the motion.

## III. MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

The "petronastower.net" domain name should be transferred to Plaintiff Petronas under the Anticyberpiracy section of the Lanham Trademark Act, 15 U.S.C. § 1125(D), because there is no dispute that all three of the requirements of the Anticyberpiracy section are met. First, the domain name "petronastower.net" infringes Plaintiff Petronas's federally registered trademark for the mark "PETRONAS." Second, Plaintiff Petronas has been unable to find the person who registered the "petronastower.net" domain name or obtain *in personam* jurisdiction over that person. Third, the internet registrar—GoDaddy—of the domain name "petronastower.net" has provided the information required by 15 U.S.C. § 1125(d)(2)(D)(i) which certifies that this Court has the control and authority to transfer the domain name.

### A. Procedural Posture and Related Case

Plaintiff Petronas filed two actions in the Northern District related to the "petronastower.net" domain name and filed an unopposed motion to relate the two actions on

NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR ORDER TRANSFERRING DOMAIN NAME PURSUANT TO 15 U.S.C. § 1125(D)
AND FOR ENTRY OF JUDGMENT
Case Nos: 09-CV-5939 PJH and 10-CV00431 EMC

March 24, 2010. Ex. A (Docket No. 30). This action against GoDaddy (09-5939 PJH) was filed first and concerns Petronas's allegations that, among other things, Defendant GoDaddy.com indirectly infringes the "PETRONAS" mark by maintaining the registration of the "petronastower.net" domain name with actual knowledge that the domain name infringes the trademark rights of Petronas.

Petronas filed the second action as an *in rem* action under the Anticyberpiracy section of the Lanham Trademark Act against the "petronastower.net" domain name. The relief Petronas requested in its complaint in the *in rem* action is an order directing GoDaddy.com to transfer the "petronastower.net" domain name Petronas.

This Court has not yet had an opportunity to rule on Petronas's unopposed motion relating the two actions. If the related case motion is granted, however, this Court can promptly consider this motion, which Petronas makes as part of the *in rem* action. If the related case motion is denied, this motion will need to be re-filed for consideration by the Judge in the *in rem* action.

### B.     "Petronastower.net" Should be Transferred to Petronas

Where, as in this case, a domain name infringes a registered trademark and the domain registrant either cannot be located or is not subject to *in personam* jurisdiction, the Anticyberpiracy section of the Lanham Act authorizes a Court to order the domain name registrar to transfer the domain name to the trademark owner. *See* 15 U.S.C. § 1125(d)(2)(A)(i) and (ii).[1] Because there is no dispute that the requirements of the Anticyberpiracy section are met in this case, this Court is authorized to order the domain name registrar of "petronastower.net"—GoDaddy.com—to transfer that domain name to Petronas, the owner of the "PETRONAS" mark.

---

[1] A complete copy of the Anticyberpiracy section (15 U.S.C. § 1125(d)(2)(A)) is attached as Ex. B.

NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR ORDER TRANSFERRING DOMAIN NAME PURSUANT TO 15 U.S.C. § 1125(D)
AND FOR ENTRY OF JUDGMENT
Case Nos:  09-CV-5939 PJH and 10-CV00431 EMC

### 1.     "Petronastower.net" Infringes the Trademark Rights of Petronas

There can be no dispute that the first requirement for the transfer of the "petronastower.net" domain under the Anticyberpiracy section of the Lanham Act—that the domain name infringes the trademark rights of Petronas—is met in this case. Specifically, the Anticyberpiracy section applies to any domain name "that violates any right of the owner of a mark registered in the Patent and Trademark Office, or protected under subsection (a) [false designation of origin] or (c) [dilution] [of 15 U.S.C. § 1125]." 15 U.S.C. § 1125(d)(2)(A)(i).

Here, the "petronastower.net" domain name violates the rights of Petronas with respect to its federally registered "PETRONAS" mark because it infringes that mark under 15 U.S.C. § 1114 and creates a false designation of origin under 15 U.S.C. § 1125(a). As an initial matter, Petronas is the owner of the duly registered federal trademark for the mark "PETRONAS." Ex. C. In addition, the "petronastower.net" domain name infringes the "PETRONAS" mark under 15 U.S.C. § 1114 because the domain name is a use in commerce of the "PETRONAS" mark that is "likely to cause confusion" among consumers as to whether the pornographic website using the "petronastowers.net" domain name is associated with Petronas—which it is not. *Au-Tomotive Gold, Inc. v. Volkswagen of America, Inc.*, 457 F.3d 1062, 1075-76 (9th Cir. 2006). Moreover, the "petronastoer.net" domain name violates the rights of Petronas under 15 U.S.C. § 1125(a) by creating a "false designation of origin" as to the pornographic website found at the "petronastower.net" domain name because that site did not "originate" with Petronas and, in fact, Petronas strongly objects to the site and its use of "PETRONAS." *New West Corp. v. N.Y.M. Co. of California*, 595 F.2d 1194, 1201 (9th Cir. 1979) ("Whether we call the violation infringement, unfair competition, or false designation of origin, the test is identical—is there a likelihood of confusion?").

Accordingly, the first requirement for the transfer of the "petronastower.net" domain name to Petronas under the Anticybersquatting section of the Lanham is met because that domain infringes the trademark rights of Petronas.

### 2.  The Registrant of "Petronastower.net" Is Unknown

The second requirement for the transfer of "petronastower.net" to Petronas under the Anticyberpiracy section is met because Petronas could not locate—despite due diligence—the registrant of the domain name could nor could this Court obtain *in personam* jurisdiction over the registrant. Where, as here, the owner of a mark cannot "obtain *in personam* jurisdiction" or "was not able to find" the person who registered an infringing domain name with the "bad faith intent" to profit from the use of the domain name, the second requirement for the transfer of the domain under the Anticybersquatting section is met. *See* 15 U.S.C. § 1125(d)(2)(A)(ii).

Here, according to GoDaddy's records, the "petronastower.net" domain name was registered by "Heiko Schonenekess" whose address is "BPM 195226, 372 Old Street, London, Ec1V 9AU, United Kingdom." Ex. D (detailing efforts to contact registrant). The internet registrant also provided an email address: "dd_privat@hotmail.com." Although Plaintiff Petronas tried repeatedly to locate and contact the registrant, including by Federal Express, email, and telephone, it was unable to do so. *Id*. Because the registrant of the "petronastower.net" domain could not be located or subjected to *in personam* jurisdiction, the second requirement of the Anticyberpiracy section has been met with respect to the "petronastower.net" domain name.[2]

### C.  GoDaddy Certifies This Court's Authority to Transfer the "petronastower.net" Domain Name

GoDaddy is the registrar of the domain name "petronastower.net" and, as required by the Anitcyberpiracy section, has provided certification that this Court has the "control and authority" to transfer the "petronastower.net" domain name to Petronas. Specifically, 15 U.S.C. §

---

[2] Section 1125(d)(2)(A)(ii)(II)(bb) refers to "publishing notice of the action. . . as the Court may direct" as a means of locating a registrant in addition to providing notice at the mail and email addresses of the registrant. This publication requirement does not apply to the present case because the publication requirement is irrelevant where *in personam* jurisdiction cannot be obtained over the domain name registrant.

NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR ORDER TRANSFERRING DOMAIN NAME PURSUANT TO 15 U.S.C. § 1125(D)
AND FOR ENTRY OF JUDGMENT
Case Nos: 09-CV-5939 PJH and 10-CV00431 EMC

1125(d)(2)(D)(i) provides that, upon the filing of an Anticyberpiracy action, "the domain name registrar . . . shall expeditiously deposit with the court documents sufficient to establish the court's control and authority regarding the disposition of the registration and use of the domain name to the court."  GoDaddy provided this information to Petronas and it is being filed along with this motion.  Ex. E.  As a result, all of the requirements for an order directing GoDaddy to transfer the "petronastower.net" domain name to Petronas under the Anticyberpiracy section have been met.

### D.   Entry of Judgment

In this action, Plaintiff Petronas seeks an order transferring the "petronastower.net" domain name.  Upon the issuance of such an order, the Court will have granted complete relief to Petronas and entry of judgment will be proper under Fed. R. Civ. P. 54.  Accordingly, Plaintiff Petronas requests that in addition to an order transferring the "petronastower.net" domain name, the Court also issue final judgment in favor of Petronas.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff Petronas respectfully requests an order directing GoDaddy.com to transfer the "petronastower.net" domain name to Petronas and the entry of judgment in favor of Petronas.  A proposed order and proposed final judgment are being filed with this motion.

Dated:  March 25, 2010                           LAW OFFICES OF PERRY R. CLARK

                                                 By:   /s/ Perry R. Clark           .
                                                      Perry R. Clark

                                                 Attorney for Plaintiff
                                                 PETROLIAM NASIONAL BERHAD

---

NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR ORDER TRANSFERRING DOMAIN NAME PURSUANT TO 15 U.S.C. § 1125(D)
AND FOR ENTRY OF JUDGMENT
Case Nos:  09-CV-5939 PJH and 10-CV00431 EMC

1
2
3
4
5
6
7
8
9
10
11
12    # Ex. A
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR ORDER TRANSFERRING DOMAIN NAME PURSUANT TO 15 U.S.C. § 1125(D) AND FOR ENTRY OF JUDGMENT
Case Nos:  09-CV-5939 PJH and 10-CV00431 EMC

# Ex. B

NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR ORDER TRANSFERRING DOMAIN NAME PURSUANT TO 15 U.S.C. § 1125(D)
AND FOR ENTRY OF JUDGMENT
Case Nos: 09-CV-5939 PJH and 10-CV00431 EMC

1
2
3
4
5
6
7
8
9
10
11
12
13     # Ex. C
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28  NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR ORDER TRANSFERRING DOMAIN
    NAME PURSUANT TO 15 U.S.C. § 1125(D)
    AND FOR ENTRY OF JUDGMENT
    Case Nos:  09-CV-5939 PJH and 10-CV00431 EMC

# Ex. D

NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR ORDER TRANSFERRING DOMAIN NAME PURSUANT TO 15 U.S.C. § 1125(D)
AND FOR ENTRY OF JUDGMENT
Case Nos: 09-CV-5939 PJH and 10-CV00431 EMC

# Ex. E

NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR ORDER TRANSFERRING DOMAIN NAME PURSUANT TO 15 U.S.C. § 1125(D)
AND FOR ENTRY OF JUDGMENT
Case Nos: 09-CV-5939 PJH and 10-CV00431 EMC

# Ex. F

NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR ORDER TRANSFERRING DOMAIN NAME PURSUANT TO 15 U.S.C. § 1125(D)
AND FOR ENTRY OF JUDGMENT
Case Nos: 09-CV-5939 PJH and 10-CV00431 EMC