UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETROLIAM NASIONAL BERHAD,

    Plaintiff,

    v.

GODADDY.COM, INC.,

    Defendant.
_____/

No. C 09-5939 PJH

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant's motion for judgment on the pleadings came on for hearing before this court on September 8, 2010. Plaintiff Petroliam Nasional Berhad ("Petronas") appeared by its counsel Perry R. Clark, and defendant GoDaddy.com, Inc. ("GoDaddy") appeared by its counsel John Slafsky and Hollis Beth Hire. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion, with leave to amend.

Petronas filed this action on December 18, 2009, alleging six causes of action: (1) cyberpiracy (cybersquatting and contributory cybersquatting) under 15 U.S.C. § 1125(d) (the Anticybersquatting Consumer Protection Act ("ACPA")); (2) trademark infringement and contributory infringement under 15 U.S.C. § 1114(1); (3) false designation of origin of the "Petronas" mark under 15 U.S.C. § 1125(a); (4) trademark dilution under 15 U.S.C. § 1125(c); (5) trademark infringement under California Business & Professions Code § 14320 and California common law; (6) unfair competition under California Business & Professions Code § 17200 and California common law.

Case 4:09-cv-05939-PJH   Document 67   Filed 09/09/10   Page 2 of 9

Petronas seeks declaratory and injunctive relief, statutory damages under the Lanham Act, treble damages under the Lanham Act, disgorgement of profits, and attorney's fees and costs.

## DISCUSSION

### A. Legal Standard

A motion for judgment on the pleadings pursuant to Rule 12(c) "challenges the legal sufficiency of the opposing party's pleadings." William Schwarzer et al, Federal Civil Procedure Before Trial ¶ 9:316 (2010); Fed. R. Civ. P 12(c). The legal standards governing Rules 12(c) and 12(b)(6) are "functionally identical." Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989), as both permit challenges directed at the legal sufficiency of the parties' allegations. Thus, a judgment on the pleadings is appropriate when the pleaded facts, accepted as true and viewed in the light most favorable to the non-moving party, entitle the moving party to a judgment as a matter of law. Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1301 (9th Cir. 1992); see also Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).

Articulating the standard for a Rule 12(b)(6) motion to dismiss, the Supreme Court noted that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). Indeed, "a plaintiff's obligations to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. at 544, 555 (2007) (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

The standard articulated in Twombly and Iqbal applies equally to a motion for judgment on the pleadings. Lowden v. T-Mobile USA, Inc., 2010 WL 1841891 at *1 (9th Cir., May 10, 2010) ("To survive a Federal Rule of Civil Procedure 12(c) motion, a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" (quoting Twombly, 550 U.S. at 544)).

2

B.     Defendant's Motion

GoDaddy now seeks judgment on the pleadings, and also seeks an order that Petronas is liable for attorney's fees under the Lanham Act. The court finds that the motion for judgment on the pleadings must be granted, because Petronas has failed to allege facts sufficient to state a plausible claim under any of the causes of action asserted.[1] Instead, Petronas has provided only conclusory allegations of the bare elements of each cause of action.

In addition, while the complaint does not clearly make this point, Petronas' counsel argued at the hearing that the cybersquatting and infringement/dilution claims are based not on GoDaddy's involvement – as the registrar – in the registration of the infringing domain name, but on GoDaddy's forwarding of the infringing domain name to a website designated by the domain name registrant, via GoDaddy's own server(s).[2] In opposition, GoDaddy's counsel argued that the forwarding service is an automated process, offered as part of the domain name registration service.

The dispute regarding whether the "forwarding" service is part and parcel of the domain name registration service is most likely not susceptible to decision in a motion for judgment on the pleadings or a motion to dismiss for failure to state a claim. The court notes, however, that in Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980 (9th Cir. 1999), the Ninth Circuit held (albeit on review of an order granting summary judgment) that the defendant Network Solutions, Inc. ("NSI") was not liable for contributory infringement based on its "routing" of a domain-name registrant's allegedly infringing domain name, as the "routing" was simply a "service" connected to the registration service. See id. at 984-85.

---

[1] As indicated at the hearing, the court finds that the request for attorney's fees is premature.

[2] Petronas' counsel asserted at the hearing that this claim of "forwarding" as establishing liability for cybersquatting and infringement was based on a declaration filed in this action by GoDaddy's general counsel. However, that declaration was filed in opposition to Petronas' application for a temporary restraining order, which was filed after Petronas filed the complaint in this action.

Because the complaint in this case is so inadequately pled, it is not clear whether the "forwarding" service offered by GoDaddy is substantially similar to the "routing" service offered by NSI in <u>Lockheed</u>. If the two are the same, then Petronas will not succeed in its claim of contributory infringement, let alone the claim of infringement. Similarly, the cybersquatting claims will likely fail.

### 1. Cybersquatting

In the first cause of action, Petronas alleges a claim of cybersquatting.

> [Cybersquatting occurs when a person other than the trademark holder registers the domain name of a well known trademark and then attempts to profit from this by either ransoming the domain name back to the trademark holder or by using the domain name to divert business from the trademark holder to the domain name holder.

<u>DaimlerChrysler v. The Net Inc.</u>, 388 F.3d 201, 204 (6th Cir. 2004), <u>quoted in</u> <u>Bosley Med. Inst., Inc. v. Kremer</u>, 403 F.3d 672, 680 (9th Cir. 2005). Put another way, "Cybersquatting is the Internet version of an unlawful land grab. Cybersquatters register well-known brand names as Internet domain names in order to force the rightful owners of the marks to come forward and pay for the right to engage in electronic commerce under their own name." <u>Interstellar Starship Servs., Ltd. v. Epix, Inc.</u>, 304 F.3d 936, 946 (9th Cir. 2002).

The elements of a claim of "cybersquatting" as defined by the ACPA are (1) the registration, use, or trafficking in, a domain name (2) that is identical or confusingly similar to a distinctive or famous trademark, (3) with a bad faith intent to profit from the mark. <u>See</u> 15 U.S.C. § 1125(d)(1)(A); <u>see also</u> <u>Bosley</u>, 403 F.3d at 680. In addition, "[a] domain name registrar, domain name registry, or other domain name registration authority shall not be liable for damages under this section for the registration or maintenance of a domain name for another absent a showing of <u>bad faith intent to profit from such registration or maintenance</u> of the domain name." 15 U.S.C. § 1114(2)(D)(iii) (emphasis added).

Here, Petronas pleads no facts sufficient to show that GoDaddy "used" the domain name, or that it registered or maintained the disputed domain name with a "bad faith intent to profit" from the registration or maintenance of the "Petronas" mark. Accordingly, the court finds that the motion must be GRANTED as to the first cause of action for

cybersquatting, with leave to amend to plead facts sufficient to state a claim.

### 2. Contributory cybersquatting

As for the claim of contributory cybersquatting, while it is true that the first cause of action is indeed labeled "cybersquatting and contributory cybersquatting," Petronas has failed to allege facts supporting the elements of contributory liability.

In general, courts apply the elements of a claim of contributory infringement to a claim of contributory cybersquatting under the ACPA. See Solid Host, NL v. Namecheap, Inc., 652 F.Supp. 2d 1092, 1112 (C.D. Cal. 2009). That is, the plaintiff must plead facts sufficient to show that the defendant intentionally induced the primary infringer to infringe, or continued to supply an infringing product to the primary infringer with the knowledge that the infringer was mislabeling the particular product supplied. Perfect 10, Inc. v. Visa Int'l Service Ass'n., 494 F.3d 788, 807 (9th Cir. 2007).

However, in a case such as this one, where the defendant supplies the infringer with a service instead of a product, the courts consider the extent of control exercised by the defendant over the third party's means of infringement in analyzing whether a claim for contributory infringement lies. Lockheed, 194 F.3d at 984. Under the "extent of control" theory, the plaintiff must show that the defendant had knowledge and direct control of the instrumentality used by the third party to infringe the plaintiff's mark. Id.; see also Perfect 10, 494 F.3d at 807.

Here, Petronas alleges no facts whatsoever that could be construed as sufficient to state a claim for contributory cybersquatting. Accordingly, the motion is GRANTED as to the first cause of action for contributory cybersquatting, with leave to amend.

### 3. Trademark infringement

In the second cause of action, Petronas alleges trademark infringement under the Lanham Act. To state a claim for trademark infringement, a plaintiff must allege facts showing (1) a valid trademark and (2) likelihood of confusion from the defendant's use of the mark. Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1354 (9th Cir. 1985). In addition, to allege infringement of federally registered marks, the Lanham Act requires the

accused "use" be "in connection with the sale, offering for sale, distribution or advertising of any goods or services." 15 U.S.C. § 1114(1).

In Bosley, the Ninth Circuit, interpreting the language of §§ 1114 and 1125(a), held that trademark infringement claims under the Lanham Act "are subject to a commercial use requirement." 403 F.3d 672, 676 (9th Cir. 2005). The Ninth Circuit has repeatedly emphasized that infringement laws "simply do not apply" to a "non-trademark use of a mark." New Kids on the Block v. News Am. Pub., Inc., 971 F.2d 302, 307 (9th Cir. 1992). The inclusion of this requirement in the Lanham Act "serves the Act's purpose: 'to secure the owner of the mark the goodwill of his business and to protect the ability of consumers to distinguish among competing producers.'" Bosley, 403 F.3d at 676 (quoting Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 774 (1992)). The Lanham Act was "expressly enacted to be applied in commercial contexts" and "does not prohibit all unauthorized uses of a trademark." Id. at 679-80.

Thus, the question is whether Petronas' allegations, taken as true and viewed in the light most favorable to Petronas, are sufficient to satisfy the commercial use requirement of the Lanham Act – specifically whether GoDaddy's alleged "use" of the "Petronas" mark – was "in connection with the sale of goods or services" such that consumers may be misled in their purchasing decisions. Petronas does not address this issue in its opposition, nor does it allege in the complaint that GoDaddy has used the "Petronas" mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services.

Accordingly, the court finds that the motion must be GRANTED, with leave to amend to allege facts showing GoDaddy's "commercial use" of Petronas' mark.

4.  Contributory trademark infringement

Petronas also alleges contributory infringement under the Lanham Act in the second cause of action. Contributory infringement occurs when the defendant either intentionally induces a third party to infringe the plaintiff's mark or supplies a product to a third party with actual or constructive knowledge that the product is being used to infringe the service mark. Inwood Lab., Inc. v. Ives Lab., Inc., 456 U.S. 844, 853-54 (1982).

Here, Petronas appears to be alleging that GoDaddy supplied a product or service to third parties with actual or constructive knowledge that its product or service is being used to infringe the "Petronas" mark. As indicated above, however, the Ninth Circuit held in Lockheed that a domain name registrar, which also provides routing services, does not supply a "product" to third parties that register domain names. Nor does the registrar direct and control third parties' uses of those names. Thus, under this theory, GoDaddy likely cannot be held liable for contributory infringement of Petronas' mark, even if that mark is infringed by third parties' registered domain names. Lockheed, 194 F.3d at 984-85.

Where, as was the case in Lockheed and is also the case here, the facts alleged do not show any direct involvement with potentially infringing uses of domain names, it is generally inappropriate to extend contributory liability to the registrar absent allegations that the registrar had unequivocal knowledge that a domain name was being used to infringe a trademark. See Lockheed Martin Corp. v. Network Solutions, Inc., 985 F.Supp. 949, 962-63 (C.D. Cal. 1997).

Nevertheless, while the court finds that the motion must be GRANTED, the court also grants leave to amend to plead facts supporting the elements of a claim of contributory infringement.

5.   False designation of origin

In the third cause of action, Petronas alleges false designation of origin of the "Petronas" mark, under the Lanham Act. One purpose of the Lanham Act is to deter false designation of origin by "prevent[ing] individuals from misleading the public by placing their competitors' work forward as their own." Cleary v. News Corp., 30 F.3d 1255, 1260 (9th Cir.1994). Thus, the Lanham Act makes actionable only designation of origin that causes public confusion or mistake over the true proprietor of a work. 15 U.S.C. § 1125(a).

Here, the complaint alleges no facts showing that GoDaddy used the "Petronas" mark in commerce to mislead the public by placing Petronas' work forward as its own. Accordingly, the court finds that the motion must the GRANTED. The dismissal is with leave to amend to plead facts sufficient to support a claim for false designation of origin.

### 6. Trademark dilution

In the fourth cause of action, Petronas alleges trademark dilution under the Lanham Act. To state a claim for trademark dilution, a plaintiff must show that (1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment. Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 634 (9th Cir. 2008). In the context of anti-dilution law, the "particular context" that matters is use of the word in commerce to identify a good or service. Visa Int'l Service Ass'n v. JSL Corp., 610 F.3d 1088, 1091 (9th Cir. 2010).

Here, there are no facts pled showing that GoDaddy is making use of Petronas' mark in commerce to identify a good or service. The mere act of accepting a registrant's domain name for registration does not involve the commercial use of a domain name as a trademark on the part of the domain name registrar. See Lockheed, 985 F.Supp. at 959-60. Thus, Petronas has not stat6ed a claim against GoDaddy for trademark dilution, and the motion must be GRANTED. The dismissal is with leave to amend to plead facts showing that GoDaddy is making use of Petronas' mark in commerce to identify a good or service.

### 7. Contributory trademark dilution

The fifth cause of action also asserts a claim of contributory trademark dilution. Where courts have recognized a cause of action for contributory dilution, they have defined the claim as encouraging others to dilute. Lockheed, 194 F.3d at 986; see also, e.g., Google, Inc. v. American Blind & Wallpaper Factory, Inc., 74 U.S.P.Q. 2d (BNA) 1385, 2005 WL 832398 at *7 (N.D. Cal., March 30, 2005); Kegan v. Apple Computer Inc., 42 U.S.P.Q. 2d 1053, 1062 (N.D. Ill. 1996).

In line with the ruling in Lockheed, and in view of the fact that Petronas has pled no facts showing that GoDaddy supplies a product or engages in "the kind of direct control and monitoring required to extend the Inwood Lab. rule, the court finds that the motion should be GRANTED as to the contributory dilution claim. The dismissal is with leave to amend to

allege facts showing that GoDaddy encouraged others to dilute Petronas' mark.

8. Common law infringement and dilution, and unfair business practices

Finally, the court finds that the motion must be GRANTED as to the fifth and sixth causes of action for trademark infringement and dilution, and unfair business practices, for the same reasons as the above claims, as they are based on the same factual allegations, and such claims are "substantially congruent" to claims made under the Lanham Act. See Denbicare U.S.A., Inc. v. Toys "R" Us, Inc., 84 F.3d 1143, 1152 (9th Cir. 1996).

## CONCLUSION

In accordance with the foregoing, GoDaddy's motion for judgment on the pleadings is GRANTED, with leave to amend. The amended complaint shall be filed no later than September 29, 2010.

As indicated at the hearing, the court is referring this matter for a mandatory settlement conference, to be held within the next 4-6 weeks. The case is stayed pending the settlement conference (except for the filing of the amended complaint). In the event that the parties fail to settle, GoDaddy's answer or motion to dismiss shall be filed no later than 21 days after the conclusion of the settlement process.

**IT IS SO ORDERED.**

Dated: September 9, 2010

PHYLLIS J. HAMILTON
United States District Judge