UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETROLIAM NASIONAL BERHAD,

    Plaintiff,

    v.

GODADDY.COM, INC.,

    Defendant.

_____/

No. C 09-5939 PJH

**ORDER DENYING PLAINTIFF'S RULE 56(d) MOTION**

    Plaintiff Petroliam Nasional Berhad seeks an order pursuant to Federal Rule of Civil Procedure 56(d) continuing or denying defendant GoDaddy.com, Inc.'s motion for summary judgment.

    In support of the request, plaintiff's counsel Perry Clark filed a declaration in which he states that information regarding GoDaddy's communications with the registrant of the disputed domains, regarding GoDaddy's policy and conduct regarding Petronas's trademark claims at issue in this case, and regarding the volume, nature, and GoDaddy's handling of claims like plaintiff's trademark claims at issue in this case is in the possession of GoDaddy.

    Mr. Clark asserts that GoDaddy has "refused to provide certain discovery regarding this information;" that on October 26, 2011, the parties submitted a joint letter re this discovery dispute after meeting and conferring; that the court referred the dispute for resolution to Magistrate Judge Maria Elena James; and that after the referral, plaintiff "is pursuing its motion to compel according to that order." Mr. Clark claims that "the

1  information outlined above will raise a genuine issue of material fact and, therefore, that the
2  present summary judgment motion of GoDaddy should be denied as premature pursuant to
3  Fed. R. Civ. P. 56(d)."

4  Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for
5  specified reasons, it cannot present facts essential to justify its opposition, the court may"
6  either "defer considering the motion or deny it," or "allow time to obtain affidavits or
7  declarations or to take discovery," or "issue any other appropriate order."  Fed. R. Civ. P.
8  56(d).

9  To obtain postponement or denial under Rule 56(d) for further discovery, the
10 declaration of the party opposing the motion must show "facts indicating a likelihood that
11 controverting evidence exists as to a material fact;" "specific reasons why such evidence
12 was not discovered or obtained earlier in the proceedings;" "the steps or procedures by
13 which the opposing party proposes to obtain such evidence within a reasonable time;" and
14 "an explanation of how those facts will suffice to defeat the pending summary judgment
15 motion."  See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2011
16 ed.) § 14:114 (citing cases).

17 Here, the declaration of plaintiff's counsel does not provide specific reasons why
18 Petroliam cannot present facts essential to its opposition.  In addition, the declaration does
19 not explain how the material sought in the outstanding discovery dispute is connected to
20 any particular argument raised by GoDaddy in its motion.  Nor does the declaration show
21 any facts indicating a likelihood that controverting evidence exists as to particular material
22 facts – indeed, there is no indication as to which material facts the allegedly missing
23 discovery applies.  In short, the declaration provides no explanation as to how the evidence
24 will suffice to defeat GoDaddy's motion.

25 In addition, the purpose of Rule 56(d) motions is to provide a method to enable a
26 party to avoid being "railroaded" by the other side's filing of an early summary judgment
27 motion (i.e., before discovery cutoff).  See Celotex Corp. v. Catrett, 477 U.S. 317, 326
28 (1986); Schwarzer, et al., § 14:113.  The case management and pretrial order in this case

set a discovery cut-off date of October 19, 2011, and a summary judgment hearing date of December 7, 2011. Thus, GoDaddy's motion can in no way be considered early or premature.

Finally, the case management and pretrial order set the pretrial conference date for February 9, 2012, and the trial date for March 5, 2012. Given the upcoming holidays and the fact that the issues raised in this case are somewhat complex, continuing the date for the summary judgment motions would make it impossible for the trial to go forward as scheduled.

Accordingly, plaintiff having failed to establish good cause to continue or deny GoDaddy's motion, the Rule 56(d) request is DENIED.

**IT IS SO ORDERED.**

Dated: November 17, 2011

PHYLLIS J. HAMILTON
United States District Judge