PERRY R. CLARK, State Bar No. 197101
LAW OFFICES OF PERRY R. CLARK
825 San Antonio Road
Palo Alto, CA 94303
Telephone: (650) 248-5817
Facsimile: (650) 248-5816
perry@perryclarklaw.com

Attorney for Plaintiff and Counterclaim Defendant
PETROLIAM NASIONAL BERHAD (PETRONAS)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| PETROLIAM NASIONAL BERHAD (PETRONAS),<br><br>            Plaintiff,<br>    vs.<br><br>GODADDY.COM, INC.,<br><br>            Defendant. | CASE NO: 09-CV5939 PJH (MEJ)<br><br>**OBJECTION TO GODADDY'S BILL OF COSTS (DOC. NO. 175)** |
| GODADDY.COM, INC.,<br><br>            Counterclaimant,<br>    vs.<br><br>PETROLIAM NASIONAL BERHAD (PETRONAS),<br><br>            Counterclaim Defendant. | |

1    Plaintiff and Counterclaim Defendant Petroliam Nasional Berhad ("Petronas") hereby
2 objects pursuant to Civil Local Rule 54-2 to the items of cost claimed in Defendant and
3 Counterclaimant GoDaddy.com, Inc.'s ("GoDaddy's") Bill of Cost (Doc. No. 175).  Pursuant to
4 Civil Local Rule 54-2(b), the undersigned counsel for Petronas represents that counsel met and
5 conferred on March 14, 2012, in an effort to resolve disagreement about taxable costs claimed in
6 GoDaddy's bill of costs but were unable to do so.
7    In its Bill of Costs, GoDaddy stated two items of taxable costs:

| | |
|---|---|
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $10,544.39 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case | $6,365.04 |
| **Total** | **$16,909.43** |

16    Petronas objects to both of these items of cost because GoDaddy has failed to attach to its
17 bill of costs "[a]ppopriate documentation to support each item of taxable costs claimed" as
18 required by Civil Local Rule 54-1.  Although GoDaddy states in its bill of costs that it "is
19 supported by the Declaration of Joseph G. Fiorino (Exhibit hereto), and Itemized Bill of Costs
20 (Exhibit B hereto), and corresponding invoices (Exhibit C hereto)," nothing in any of these
21 documents supports the costs claimed.  (Doc. No. 175 at 2:14-15).
22    With respect to "fees for printed or electronically recorded transcripts," the
23 documentation attached to GoDaddy's bill of costs fails to support GoDaddy's request to be
24 reimbursed for the claimed costs.  Specifically, with respect to Item Nos. 1-6 and 8-13 in the
25 "Itemized Bill of Costs" (Exhibit B to GoDaddy's Bill of Costs), GoDaddy improperly seeks to
26 be reimbursed for the costs of more than "[t]he cost of an original and one copy of any
27 deposition (including video taped depositions)."  Instead, GoDaddy seeks to be reimbursed for as
28

1
OBJECTION TO GODADDY'S BILL OF COSTS (DOC. NO. 175)
Case No. 09-CV-5939 PJH

many as six transcripts (3 video and 3 stenographic) of a single deposition. *See* Doc. No. 175-3 at 2 and 5 (transcripts of deposition of Yeoh Suat Gauk). This is improper because, "[w]ith respect to deposition transcripts, Civil Local Rule 54-3(c)(1) allows only '[t]he cost of an original and one copy of any deposition (including video taped depositions) taken for any purpose in the case.'" *Affymetrix v. Multilyte Ltd.*, 2005 WL 2072113*3 (N.D. Cal. 2005) ("Here, the Clerk properly disallowed additional costs incurred in videotaping depositions for which stenographic written transcripts were also obtained."); *City of Alameda, Cal. v. Nuveen Mun. High Income Opportunity Fund*, 2012 WL 177566, *3 (N.D. Cal. 2012) ("[T]he costs for additional copies of deposition transcripts are not recoverable.").

In addition, with respect to Item Nos. 1-6 and 8-13 in the "Itemized Bill of Costs" (Exhibit B to GoDaddy's Bill of Costs), GoDaddy improperly seeks to be reimbursed for deposition transcript costs that are not allowed, such as FedEx shipping, expedited processing, rough disks, etc. For deposition transcripts, "[s]hippping or expedited delivery charges and 'extra' charges such as ACSII/Mini/E-transcripts are not allowed." *Affymetrix*, 2005 WL 2072113*3; *SJA Amoroso Const. Co. v. Executive Risk Indemnity Inc.*, 2009 WL 962008, *4 (N.D. Cal. 2009) ("Shipping or expedited delivery charges are not allowable costs"); *City of Alameda*, 2012 WL 177566, *3 (A party may not "recover for the costs of 'rough' disks, 'miniscripts' or expedited transcripts in addition to the cost of an original and one copy of a deposition permitted under Civil Local Rule 54-3(c)(1).").

Accordingly, GoDaddy's Bill of Costs should be **DENIED as to Item Nos. 1-6 and 8-13 in the "Itemized Bill of Costs" (Exhibit B to GoDaddy's Bill of Costs)**.

Moreover, with respect to Item Nos. 11-13 in the "Itemized Bill of Costs" (Exhibit B to GoDaddy's Bill of Costs), GoDaddy seeks to recover for the cost of transcripts which are not deposition transcripts at all—even though the "Description" column in GoDaddy's "Itemized Bill of Costs" states that they are "Deposition Transcripts, including videotaped depositions." *See* Doc. No. 175-2 at 2. Instead, the costs GoDaddy seeks to recover for Item Nos. 11-13 are for reporters' transcripts of Court hearings, which are only recoverable if they are "the cost of

2
OBJECTION TO GODADDY'S BILL OF COSTS (DOC. NO. 175)
Case No. 09-CV-5939 PJH

transcripts necessarily obtained for an appeal" or "the costs of a transcript of a statement by a Judge from the bench which is to be reduced to a formal order prepared by counsel," which is not the case here.

As a result, GoDaddy's Bill of Costs should be **DENIED as to Item Nos. 11-13 in the "Itemized Bill of Costs" (Exhibit B to GoDaddy's Bill of Costs)**.

Petronas also objects to GoDaddy's item of cost entitled "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  Specifically, with respect to Item Nos. 14-37 in the "Itemized Bill of Costs" (Exhibit B to GoDaddy's Bill of Costs), the documentation attached to Godaddy's bill of costs is inadequate to determine whether the costs Godaddy claims are the "cost of reproducing disclosure or formal discovery documents when used for any purpose in the case [which] is allowable" under Civil Local Rule 54-3(d)(2) **or are the** "cost of reproducing copies of motions, pleadings, notices, and other routine case papers [which] is not allowable" under Civil Local Rule 54-3(d)(3).

The declaration of Joseph Fiorino states only that "[a]ll of the costs included in the Bill of Costs for reproducing documents for use in the case were necessary and related to disclosure or formal discovery documents and exhibits to depositions." (Doc. No. 175-1 at 4:3-5).  Nowhere, however, does GoDaddy identify **what documents were actually reproduced**.  Nor does GoDaddy state what it did with the reproductions for which it seeks costs or why those reproductions were made.  The mere fact that a document may be "related to disclosure or formal discovery documents and exhibits to depositions" does not render the cost of reproducing such a document reimbursable.

Moreover, the invoices submitted by GoDaddy show that GoDaddy is seeking to be reimbursed for items that **are not** properly taxable as costs, including costs for:

- Optical character recognition and "metadata" processing. *City of Alameda*, 2012 WL 177566, *5. (N.D. Cal. 2012) ("OCR and metadata extraction are not recoverable."); *Computer Cache Coherency Corp. v. Intel Corp.*, 2009 WL

5114002*4 (N.D. Cal. 2009) ("[T]he expense incurred for OCR and metadata extraction are not recoverable as they are merely for convenience of counsel."). *See, for example,* Item No. 14-36 in the "Itemized Bill of Costs" (Exhibit B to GoDaddy's Bill of Costs);

- Exemplification and copying of documents that were not prepared for use in presenting evidence to the court or prepared or tendered for the opposing party. *United States, ex rel. Meyer v. Horizon Health Corp.*, 2007 WL 518607*5 (Costs for exemplification and copying "must be for [documents] prepared for use in presenting evidence to the court or prepared or tendered for the opposing party in order to be recoverable."). *See, for example,* Item No. 23-36 in the "Itemized Bill of Costs" (Exhibit B to GoDaddy's Bill of Costs);

- Tabs and binders prepared in association with copies of documents. *MEMC Elec. Materials v. Mitsubishi Materials*, 2004 WL 5361246*12 (N.D. Cal. 2004). ("[T]he Local Rule does not authorize costs for tabs that are included on one of the invoices for copying costs."). *See, for example,* Item No. 25-36 in the "Itemized Bill of Costs" (Exhibit B to GoDaddy's Bill of Costs);

- The "intellectual effort" involved in the production of documents. *Zuill v. Shanahan*, 80 F. 3d 1366, 1370 (9th Cir. 1996) ("Fees for exemplification and copying 'are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production'" (*citing Crawford Fitting Company v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) the statute "strictly limits reimbursable costs to those enumerated in section 1920," and "a district court may not rely on its 'equity power' to tax costs beyond those expressly authorized by section 1920."). *See, for example,* Item No. 14 in the "Itemized Bill of Costs" (Exhibit B to GoDaddy's Bill of Costs);

1   Finally, for Item No. 37 in the "Itemized Bill of Costs" (Exhibit B to GoDaddy's Bill of Costs), GoDaddy seeks to be reimbursed its cost for "preparing [a] demonstrative diagram," but GoDaddy has failed to establish that the costs in question are for "preparing a chart . . . to be used as an exhibit . . . [that was] reasonably necessary to assist the jury or the Court in understanding the issues at trial" as required by Civil Local Rule 54-3(d)(5).

As such, GoDaddy's Bill of Costs should be **DENIED as to Item Nos. 14-37 in the "Itemized Bill of Costs" (Exhibit B to GoDaddy's Bill of Costs)**.

March 14, 2012                                         LAW OFFICES OF PERRY R. CLARK

                                                       _____/S/_____
                                                       PERRY R. CLARK
                                                       825 San Antonio Road
                                                       Palo Alto, CA 94303
                                                       Telephone:  (650) 248-5817
                                                       Facsimile:  (650) 618 8533
                                                       perry@perryclarklaw.com

                                                       **Attorney for Petroliam Nasional Berhad (PETRONAS)**