PERRY R. CLARK, State Bar No. 197101
LAW OFFICES OF PERRY R. CLARK
825 San Antonio Road
Palo Alto, CA 94303
Telephone: (650) 248-5817
Facsimile: (650) 618-8533
perry@perryclarklaw.com
Attorney for Plaintiff
PETROLIAM NASIONAL BERHAD (PETRONAS)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| PETROLIAM NASIONAL BERHAD (PETRONAS),<br>Plaintiff,<br><br>vs.<br><br>GODADDY.COM, INC.,<br>Defendant. | CASE NO: 09-CV-5939 PJH (MEJ)<br><br>Noticed Hearing Date: May, 16, 2012<br>Noticed Hearing Time: 9:00 a.m.<br><br>CORRECTED[1]<br>MOTION UNDER FED. R. CIV. P. 54(D)(1) FOR THE COURT TO REVIEW THE CLERK'S ACTION TAXING COSTS |

---

[1] This document corrects Doc. No. 186 by adding to line 10 on page 3 the phrase "(emphasis added)."
CORR. MOT. UNDER FRCP 54(D)(1) FOR
COURT TO REVIEW CLERK'S ACTION TAXING COSTS
Case No. 09-CV-5939 PJH (MEJ)

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE THAT** on Wednesday, May 16, 2012, at 9:00 a.m., or as soon thereafter as the matter may be heard by the Hon. Phyllis J. Hamilton in Courtroom 3, Third Floor, United States Courthouse, 1301 Clay Street, Oakland, California, Plaintiff Petroliam Nasional Berhad (PETRONAS) will and hereby does move this Court to review the Clerk's action taxing costs (Doc. No. 180) pursuant to Fed. R. Civ. P. 54(d)(1).

**CONCISE STATEMENT OF RELIEF REQUESTED**

The movant, Plaintiff Petroliam Nasional Berhad (PETRONAS), seeks the following relief:

1. An order that GoDaddy's Bill of Costs is denied.
2. Alternatively, an order that GoDaddy's Bill of Costs is reduced as detailed below.

A proposed order is filed concurrently herewith.

**I. GODADDY'S COSTS SHOULD BE DENIED IN FULL**

GoDaddy's costs should be denied in full because this was a close and difficult case which presented important issues and in which plaintiff litigated in good faith. While a prevailing party is presumed to be entitled to costs under Fed. R. Civ. P. 54(d)(1), a district court has broad discretion to deviate from that presumption, so long as it "explain[s] why [the] case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Ass'n of Mex.- Am. Educators v. California*, 231 F.3d 572, 592–93 (9th Cir. 2000) (*en banc*) (affirming denial of costs where "issues in the case were close and difficult," "the case 'involve[s] issues of substantial public importance,'" and "[p]laintiff's case, although unsuccessful, had some merit."). Among the grounds the Ninth Circuit has approved for denying costs to a party are: (1) "the importance and complexity of the issues," (2) the issues "were close and difficult," and (3) "the merit of plaintiff's case, even if the plaintiff loses." *Id*.; *Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888 (9th Cir. 2010) (listing factors and noting

requirement that district court state reasons for denying costs). All three of these reasons support the denial of GoDaddy's request for costs.

First, this case raised important issues that would warrant the Court's exercise of its discretion with respect to costs. *Stanley v. Univ. of Southern California*, 178 F.3d 1069, 1080 (9th Cir. 1999) (holding that the district court abused its discretion in awarding costs to a prevailing defendant and noting that, although plaintiffs lost, "they raise important issues and that the answers were far from clear."). Here, the Court stated unequivocally at the December 7, 2011 hearing on the parties' motions for summary judgment that "this is a, it seems to me, a pretty important case and the policy issues argued by both sides are pretty significant." Ex. A[2] (December 7, 2011 Tr. at 39:15-17). Moreover, the Court granted permission to two non-parties to file *amicus curiae* briefs on GoDaddy's behalf, both of which argued that they should be allowed to file their briefs because this case involved "legal issues that have potential ramifications beyond the parties directly involved." Ex. B (eNom's Motion for Leave to File *Amicus* Brief (Doc. No. 111) at 1:12-13); Ex. C (Network Solutions Motion for Leave to File *Amicus* Brief (Doc. No. 125) at 1:14-15). In particular, Network Solutions argued that the Court's decision in this case would "have significant ramifications beyond the parties in this action in that it will effect [*sic*]every domain name registrar who conducts business in the United States." Ex. C at 2:13-17.

Second, the issues here were close and difficult and would support the Court's decision not to require Petronas to bear GoDaddy's costs. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945-46 (9th Cir. 2003) (finding that issues the losing plaintiff "raised are close and complex" and noting that "the circuits are split over a major question raised."). In this case, the issue of whether cause of action for contributory cybersquatting exists was a major issue and one

---

[2] References to "Ex. __" are to the exhibits to the Declaration of Perry Clark filed herewith.

2

CORR. MOT. UNDER FRCP 54(D)(1) FOR
COURT TO REVIEW CLERK'S ACTION TAXING COSTS
Case No. 09-CV-5939 PJH (MEJ)

which this Court recognized presented real difficulty and complexity. Specifically, at the summary judgment hearing the Court stated that "I am having real difficulty trying to figure out what I am supposed to do with this cause of action." Ex. A (December 7, 2011 Tr. at 33:15-18). The Court also ordered the parties to submit supplemental briefing on the issue. *Id*. at 40:14-20.

And this Court's summary judgment ruling created a split with the four other district courts that have considered the issue with its holding that "**[a] claim for contributory cybersquatting does not exist** under the circumstances of this case, as a company providing an Internet routing service does not exercise the type of direct control on monitoring that would justify recognition of a contributory infringement claim. See Lockheed, 194 F.3d at 980." Ex. D (Summary Judgment Order (Doc. No. 158) at 17:12-16) (emphasis added). Thus, this Court's summary judgment ruling makes it the only court to consider the issue that has ruled that a cause of action for contributory cybersquatting "does not exist" in the circumstances presented, despite its acknowledgement that:

> In general, district courts that have considered the matter have found that because the ACPA was enacted against the settled common law theories of contributory liability in the trademark context, a judicially-created claim of contributory cybersquatting would be valid. In line with these analyses, this court assumes for the sake of argument that contributory liability exists under the ACPA. See, e.g., Verizon California, Inc. v. Above.com, No. CV-11-0973 ABC, slip op. at 5-11 (C.D. Cal., July 13, 2011) (citing Microsoft Corp. v. Shah, No. C-10-0653 RSM, 2011 WL 108954 at *1-3 (W.D. Wash., Jan. 12, 2011); Solid Host, NL v. Namecheap, Inc., 652 F.Supp. 2d 1092, 1111-17 (C.D. Cal. 2009); Ford Motor Co. v. Greatdomains.com, 177 F.Supp. 2d 635, 646-47 (E.D. Mich.2001)).

*Id*. at 17:19-28.

Third, the Court's exercise of its discretion not award costs to GoDaddy would be supported by the strength of Petronas's case. *Ass'n of Mex.- Am. Educators*, 231 F.3d at 592–93 (affirming denial of costs where "[a]lthough Plaintiffs have not prevailed in this action, their claims are not without merit."). With respect to contributory cybersquatting, this Court recognized that Plaintiff's claims were not without merit: "The contributory cybersquatting I think is the most difficult hurdle for both of you. I think both sides have raised some good

3

CORR. MOT. UNDER FRCP 54(D)(1) FOR
COURT TO REVIEW CLERK'S ACTION TAXING COSTS
Case No. 09-CV-5939 PJH (MEJ)

arguments on both sides of that question, but I am not sure I should even reach the merits of it." Ex. D (Summary Judgment Order (Doc. No. 158) at 41:9-13). Moreover, on GoDaddy's main argument, that Petronas's claims were barred by the "safe harbor" for registrars because GoDaddy's "forwarding service" was part of its "services as a registrar," was directly contradicted by the testimony of its own Fed. R. Civ. P. 30(b)(6) witnesses on the topic, including Ron Hertz, who testified that "I don't believe the domain name forwarding service relates at all to the registration of the domain name." Ex. H at 13:10-12 (Hertz Deposition).

## II. SPECIFIC ITEMS OF GODADDY'S COSTS SHOULD BE DENIED

GoDaddy's Bill of Cost sought to recover $16,909.43 for 37 separate cost items which it alleged where either "[f]ees for printed or electronically stored transcripts necessarily obtained for the case" or "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Ex. E at 2:6-11 (GoDaddy's Bill of Costs (Doc. No. 175)). GoDaddy listed its requested items of costs in Exhibit B to its Bill of Cost and assigned a number to each cost item. Ex. F (Exhibit B to GoDaddy's Bill of Costs (Doc. No. 175-2)). For convenience, Petronas will refer to each item of cost using the numbers assigned by GoDaddy.

The Clerk disallowed GoDaddy's requested costs for (1) transcripts of court hearings (Items 11-13) and (2) videotape copies of depositions for which GoDaddy also sought the cost of written transcripts (Items 1-3) and thus reduced GoDaddy's costs to $13,697.63.

Should the Court decide to award GoDaddy any of the costs it seeks—which it should not for the reasons set forth above in Section I—Petronas does not object to Item 37 (GoDaddy's claimed cost for a demonstrative) or to Item 7 (GoDaddy's claimed costs for two depositions).

Petronas respectfully requests that the Court deny or reduce GoDaddy requested costs for the remaining Items 4-6, 8-10, and 14-36 for the reasons set forth below.

4

CORR. MOT. UNDER FRCP 54(D)(1) FOR
COURT TO REVIEW CLERK'S ACTION TAXING COSTS
Case No. 09-CV-5939 PJH (MEJ)

**Item 4—Deposition of Yeoh Suat Gaik**

GoDaddy should not be awarded its costs for the deposition of Ms. Yeoh Suat Gaik because she was deposed as a corporate representative for Petronas under Fed. R. Civ. P. 30(b)(6) on issues related to GoDaddy's counterclaim for trademark cancellation. Because GoDaddy did not prevail on its trademark cancellation counterclaim, its costs for this deposition should be denied. *Amrel v. Connell*, 102 F.3d 1494, 1523 (9th 1996) ("In the event of a mixed judgment, however, it is within the discretion of the district court to require each party to bear its own costs.").

Even if this cost were allowed, it should be reduced because GoDaddy seeks to be reimbursed for the cost of a "rough draft" of the deposition as well as "shipping and handling" in addition to two copies of the transcript. Ex. G at 5 (Invoice for Deposition included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)). Because Civ. L.R. 54-3 only allows recovery of "[t]he cost of an original and one copy of deposition," Item 4 should be reduced by $177.50 (for "rough draft") and $15.00 (for "shipping and handling") to a revised total of $1,051.53.

**Item 5—Deposition of Kevin Fitzsimmons**

If awarded at all, GoDaddy's cost Item 5 should be reduced because it includes, in addition to the original and one copy of the transcript allowed under Civ. L.R. 54-3, amounts for (1) "expedited" processing of the transcript, (2) "rough draft," and (3) "shipping and handling." Ex. G at 6 (Invoice for Deposition included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)); *Pierson v. Ford Motor Co.*, 2010 WL 431883 *5 (N.D. Cal. 2010) (Hamilton, J.) (denying requested cost associated with a deposition transcript where "[i]t is difficult to tell from the documentation, but it appears that this cost was incurred in connection with a request for some expedited service, and that was therefore not allowable."). Specifically, cost Item 5 should be reduced by $102.50 for "rough draft" and $15.00 for "shipping and handling," for a total of $1,044.26. The amount of the cost for "expedited" handling, however, is not evident from the

invoice and, as such, it should be disallowed or the Bill of Costs should be remanded to the Clerk for re-taxing after GoDaddy provides additional documentation.

**Item 6—Deposition of Tina Dam**

If awarded at all, GoDaddy's cost Item 6 should be reduced because it includes, in addition to the original and one copy of the transcript allowed under Civ. L.R. 54-3, amounts for (1) "expedited" processing of the transcript, (2) "ASCII & Condensed," (3) "rough draft," and (4) "shipping and handling." Ex. G at 7 (Invoice for Deposition included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)); *Pierson v. Ford Motor Co.*, 2010 WL 431883 *5 (N.D. Cal. 2010) (Hamilton, J.) (denying requested cost associated with a deposition transcript where "[i]t is difficult to tell from the documentation, but it appears that this cost was incurred in connection with a request for some expedited service, and that was therefore not allowable."). Specifically, cost Item 6 should be reduced by (1) $16.00 for "ASCII & Condensed," (2) $181.50 for "rough draft" and (3) $51.47 for "shipping and handling," for a total of $1,742.21. The amount of the cost for "expedited" handling, however, is not evident from the invoice and, as such, it should be disallowed or the Bill of Costs should be remanded to the Clerk for re-taxing after GoDaddy provides additional documentation.

**Item 8—Depositions of Anderson, Hanyen, and Simonini**

If awarded at all, GoDaddy's cost Item 8 should be reduced because it includes, in addition to the original and one copy of the transcripts allowed under Civ. L.R. 54-3, amounts for (1) a "rough draft" of each of the three transcripts and (2) "shipping and handling." Ex. G at 9 (Invoice for Deposition included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)). Accordingly, cost Item 8 should be reduced by (1) $105.00, $126.00, and $30.00 for "rough draft[s]," (2) $9.65 for "shipping and handling," for a total of $916.00.

**Item 9—Depositions of Jett, Hertz, and Bilunes**

If awarded at all, GoDaddy's cost Item 9 should be reduced because it includes, in addition to the original and one copy of the transcripts allowed under Civ. L.R. 54-3, amounts for

CORR. MOT. UNDER FRCP 54(D)(1) FOR
COURT TO REVIEW CLERK'S ACTION TAXING COSTS
Case No. 09-CV-5939 PJH (MEJ)

(1) a "rough draft" of each of the three transcripts and (2) "shipping and handling." Ex. G at 10 (Invoice for Deposition included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)). Accordingly, cost Item 9 should be reduced by (1) $21.00, $34.50, and $39.00 for "rough draft[s]," and (2) $9.65 for "shipping and handling," for a total of $266.50.

**Item 10—Depositions of Ede, Hanyen, and Carlson**

If awarded at all, GoDaddy's cost Item 10 should be reduced because it includes, in addition to the original and one copy of the transcripts allowed under Civ. L.R. 54-3, amounts for (1) "expedited" processing of the transcripts, (2) "rough draft," and (3) "shipping and handling." Ex. G at 11 (Invoice for Deposition included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)); *Pierson v. Ford Motor Co.*, 2010 WL 431883 *5 (N.D. Cal. 2010) (Hamilton, J.) (denying requested cost associated with a deposition transcript where "[i]t is difficult to tell from the documentation, but it appears that this cost was incurred in connection with a request for some expedited service, and that was therefore not allowable."). Specifically, cost Item 5 should be reduced by (1) $122.40, $98.40, and $62.40 for "expedite[d]" handling, (2) $67.50 and $25.50 for "rough draft[s]" and (3) $67.50 for "shipping and handling," for a total of $533.35.

**Item 14—"Forensic Technician-Per Hour"**

GoDaddy's cost Item 14 should be denied in its entirety because it is for the "per hour" cost incurred by a "forensic technician." Ex. G at 15 (Invoice for "SFL Data" included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)). This type of cost item has been specifically rejected by the Ninth Circuit on the grounds that "Section 1920(4) [of 28 U.S.C.] speaks narrowly of '[f]ees for exemplification and copies of papers,' suggesting that fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989); *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996). Here, GoDaddy seeks to be reimbursed for cost Item 14 which has nothing to do with the actual production of documents and instead is for the "per hour" fees of a "forensic technician" to performs tasks such as "[p]roject

7

management—per hour: work specs with client; submit work orders internally, tracking and internal emails. . . $750.00." Ex. G at 15 (Invoice for Deposition included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)). As such, cost Item 14 should be denied.

**Item 15—"Mid-Level Tech Time . . . @ $125/Hour"**

To the extent GoDaddy's cost Item 15 is permitted at all, it should be reduced because it includes "Mid-Level Tech Time (Time to replace the documents) @ $125/hour." Ex. G at 16 (Invoice for "Teris" included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)). This type of cost item has been specifically rejected by the Ninth Circuit on the grounds that "Section 1920(4) [of 28 U.S.C.] speaks narrowly of '[f]ees for exemplification and copies of papers,' suggesting that fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989). As such, cost Item 15 should be reduced by $125.00 to $79.35.

**Item 16—"Mid-Level Tech Time . . . @ $75/Hour"**

To the extent GoDaddy's cost Item 16 is permitted at all, it be reduced because it includes "Mid-Level Tech Time (add to production) @ $75/hour." Ex. G at 17 (Invoice for "Teris" included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)). This type of cost item has been specifically rejected by the Ninth Circuit on the grounds that "Section 1920(4) [of 28 U.S.C.] speaks narrowly of '[f]ees for exemplification and copies of papers,' suggesting that fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989). As such, cost Item 16 should be reduced by $75.00 to $6.84.

**Item 17—"High-Level Tech Time . . . @ $125/Hour"**

To the extent GoDaddy's cost Item 17 is permitted at all, it be reduced because it includes "High-Level Tech Time (time to prep production) @ $125/hour." Ex. G at 18 (Invoice for "Teris" included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)). This type of cost

8

item has been specifically rejected by the Ninth Circuit on the grounds that "Section 1920(4) [of 28 U.S.C.] speaks narrowly of '[f]ees for exemplification and copies of papers,' suggesting that fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989). As such, cost Item 17 should be reduced by $62.60 to $34.27.

**Item 18—"File Conversion to Tiff Image w/ Searchable Text @ $.04/page"**

GoDaddy's cost Item 18 for "File Conversion to Tiff Image w/ Searchable Text @ $.04/page" should be rejected because it does not fall within any of the categories of taxable costs under Civ. L.R. 54 or 28 U.S.C. 1920. Ex. G at 19 (Invoice for "Teris" included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)). "Section 1920(4) [of 28 U.S.C.] speaks narrowly of '[f]ees for exemplification and copies of papers,' suggesting that fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989); *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996). Because Item 18 deals only with "file conversion" and not with the actual production of documents, it should be rejected.

**Item 19—"Native Reconstructed Blowbacks" and "Alpha or Numeric Tabs"**

GoDaddy's cost Item 19 for "Native Reconstructed Blowbacks" and "Alpha or Numeric Tabs" should be rejected because it does not fall within any of the categories of taxable costs under Civ. L.R. 54 or 28 U.S.C. 1920. Ex. G at 20 (Invoice for "Teris" included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)). "Section 1920(4) [of 28 U.S.C.] speaks narrowly of '[f]ees for exemplification and copies of papers,' suggesting that fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989). Item 19 deals only with "Native Reconstructed Blowbacks" and "Alpha or Numeric Tabs" and not with the actual production of documents, it should be rejected. Indeed, the only hint as to what documents Item 19 relates to is its cryptic reference to "[p]rint redactions and clean versions,"

with no indication as to whether the documents were actually produced or to what use they were put.

**Item 20—"Native Reconstructed Blowbacks"**

GoDaddy's cost Item 20 for "Native Reconstructed Blowbacks" should be rejected because it does not fall within any of the categories of taxable costs under Civ. L.R. 54 or 28 U.S.C. 1920. Ex. G at 21 (Invoice for "Teris" included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)). "Section 1920(4) [of 28 U.S.C.] speaks narrowly of '[f]ees for exemplification and copies of papers,' suggesting that fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989); *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996). Because Item 20 deals only with "Native Reconstructed Blowbacks" with no indication of **what documents** were "blown back" or what was done with them or for what purpose, it should be rejected.

**Item 21—"Mid-Level Tech Time . . . @ $125/Hour"**

To the extent GoDaddy's cost Item 21 is permitted at all, it be reduced because it includes "Mid-Level Tech Time (to prepare production) @ $125/hour." Ex. G at 22 (Invoice for "Teris" included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)). This type of cost item has been specifically rejected by the Ninth Circuit on the grounds that "Section 1920(4) [of 28 U.S.C.] speaks narrowly of '[f]ees for exemplification and copies of papers,' suggesting that fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989). As such, cost Item 21 should be reduced by $31.25 to $18.49.

**Item 22—"Mid-Level Tech Time . . . @ $75/Hour" and "Blowbacks"**

GoDaddy's cost Item 22 for "Mid-Level Tech Time (To Re-Unitize) @ $75/hour" and "Blowbacks" should be rejected because it does not fall within any of the categories of taxable costs under Civ. L.R. 54 or 28 U.S.C. 1920. Ex. G at 23 (Invoice for "Teris" included in Ex. C

10

to GoDaddy's Bill of Costs (Doc. No. 175-3)). "Section 1920(4) [of 28 U.S.C.] speaks narrowly of '[f]ees for exemplification and copies of papers,' suggesting that fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989). Because Item 23 deals only "Mid-Level Tech Time" and with "Blowbacks" with no indication of **what documents** were "blown back" or what was done with them or for what purpose, it should be rejected.

**Item 23—"Native Reconstructed Blowbacks"**

GoDaddy's cost Item 23 for "Native Reconstructed Blowbacks" should be rejected because it does not fall within any of the categories of taxable costs under Civ. L.R. 54 or 28 U.S.C. 1920. Ex. G at 24 (Invoice for "Teris" included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)). "Section 1920(4) [of 28 U.S.C.] speaks narrowly of '[f]ees for exemplification and copies of papers,' suggesting that fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989). Because Item 23 deals only with "Native Reconstructed Blowbacks" with no indication of **what documents** were "blown back" or what was done with them or for what purpose, it should be rejected.

**Item 24—"Blowbacks"**

GoDaddy's cost Item 24 for "Blowbacks" should be rejected because it does not fall within any of the categories of taxable costs under Civ. L.R. 54 or 28 U.S.C. 1920. Ex. G at 25 (Invoice for "Teris" included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)). "Section 1920(4) [of 28 U.S.C.] speaks narrowly of '[f]ees for exemplification and copies of papers,' suggesting that fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989). Because Item 24 deals only with "Blowbacks" with no

11

indication of **what documents** were "blown back" or what was done with them or for what purpose, it should be rejected.

**Items 25 to 29—"Alpha or Numeric Tabs," "Binder[s]," "Custom Spines," and "Custom Tabs"**

If allowed, GoDaddy's cost Items 25 to 29 should be reduced by the amounts sought for "Alpha or Numeric Tabs," "Binder[s]," "Custom Spines," and "Custom Tabs" because such costs do not fall within any of the allowable categories under Civ. L.R. 54 or 28 U.S.C. § 1920. Ex. G at 26-30 (Invoice for "Teris" included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)). Thus, (1) Item 25 should be reduced to $205.44, (2) Item 26 should be reduced to $247.56, (3) Item 27 should be reduced to $454.80, (4) Item 28 should be reduced to $156.69, and (5) Item 29 should be reduced to $67.43.

**Item 30—"High-Level Tech Time . . . @ $125/Hour"**

GoDaddy's cost Item 30 should be denied because it is for "High-Level Tech Time: Create PDFS @ $125/hour." Ex. G at 31 (Invoice for "Teris" included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)). This type of cost item has been specifically rejected by the Ninth Circuit on the grounds that "Section 1920(4) [of 28 U.S.C.] speaks narrowly of '[f]ees for exemplification and copies of papers,' suggesting that fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production."); *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989). As such, cost Item 30 should be denied.

**Item 31—"Native Reconstructed Blowbacks"**

GoDaddy's cost Item 31 for "Native Reconstructed Blowbacks" should be rejected because it does not fall within any of the categories of taxable costs under Civ. L.R. 54 or 28 U.S.C. § 1920. Ex. G at 32 (Invoice for "Teris" included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)). "Section 1920(4) [of 28 U.S.C.] speaks narrowly of '[f]ees for exemplification and copies of papers,' suggesting that fees are permitted only for the physical

preparation and duplication of documents, not the intellectual effort involved in their production." *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989). Because Item 31 deals only with "Native Reconstructed Blowbacks" with no indication of **what documents** were "blown back" or what was done with them or for what purpose, it should be rejected.

**Item 32—"Mid-Level Tech Time," "Native Reconstructed Blowbacks," "Custom Divider Tabs," "3' Regular Binders @ $10/each"**

GoDaddy's cost Item 32 for "Mid-Level Tech Time," "Native Reconstructed Blowbacks," "Custom Divider Tabs," "3' Regular Binders @ $10/each" should be rejected because it does not fall within any of the categories of taxable costs under Civ. L.R. 54 or 28 U.S.C. 1920. Ex. G at 33 (Invoice for "Teris" included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)). "Section 1920(4) [of 28 U.S.C.] speaks narrowly of '[f]ees for exemplification and copies of papers,' suggesting that fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989).

**Item 33—"Native Reconstructed Blowbacks"**

GoDaddy's cost Item 33 for "Native Reconstructed Blowbacks" should be rejected because it does not fall within any of the categories of taxable costs under Civ. L.R. 54 or 28 U.S.C. 1920. Ex. G at 34 (Invoice for "Teris" included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)). "Section 1920(4) [of 28 U.S.C.] speaks narrowly of '[f]ees for exemplification and copies of papers,' suggesting that fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989); *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996). Because Item 33 deals only with "Native Reconstructed Blowbacks" with no indication of **what documents** were "blown back" or what was done with them or for what purpose, it should be rejected.

**Item 34—"Mid-Level Tech Time," "Scanning. . .@$.25 /page," "Image Endorsing," "CD-ROM Duplication @ $10/Disk [for 6 discs]"**

GoDaddy's cost Item 34 for "Mid-Level Tech Time: Revised the volumes two times requested by client @125/hour," "Scanning – Color/Grayscale @$.25 /page," "Image Endorsing," "CD-ROM Duplication @ $10/Disk [for 6 discs]" should be rejected because it does not fall within any of the categories of taxable costs under Civ. L.R. 54 or 28 U.S.C. 1920. Ex. G at 35 (Invoice for "Teris" included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)). "Section 1920(4) [of 28 U.S.C.] speaks narrowly of '[f]ees for exemplification and copies of papers,' suggesting that fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989); *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996).

**Item 35—"High-Level Tech Time," "Image Endorsing," "Conversion of Color Native Files to JPEG"**

GoDaddy's cost Item 35 for "High-Level Tech Time: Prepare PDFS @ $125/hour," "Image Endorsing (Bates numbering and/or Annotations)," "Conversion of Color Native Files to JPEG" should be rejected because it does not fall within any of the categories of taxable costs under Civ. L.R. 54 or 28 U.S.C. 1920. Ex. G at 36 (Invoice for "Teris" included in Ex. C to GoDaddy's Bill of Costs (Doc. No. 175-3)). "Section 1920(4) [of 28 U.S.C.] speaks narrowly of '[f]ees for exemplification and copies of papers,' suggesting that fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989); *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996).

**Item 36—"Native Reconstructed Blowbacks"**

GoDaddy's cost Item 36 for "Native Reconstructed Blowbacks" should be rejected because it does not fall within any of the categories of taxable costs under Civ. L.R. 54 or 28 U.S.C. 1920. Ex. G at 37 (Invoice for "Teris" included in Ex. C to GoDaddy's Bill of Costs

(Doc. No. 175-3)). "Section 1920(4) [of 28 U.S.C.] speaks narrowly of '[f]ees for exemplification and copies of papers,' suggesting that fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989); *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996). Because Item 36 deals only with "Native Reconstructed Blowbacks" with no indication of **what documents** were "blown back" or what was done with them or for what purpose, it should be rejected.

## **CONLCUSION**

For the foregoing reasons, GoDaddy's Bill of Costs should be denied, or alternatively, reduced as set forth above.

Dated: April 23, 2012                                LAW OFFICES OF PERRY R. CLARK


By: _____/s/ *Perry Clark*_____
Perry Clark
Attorneys for Plaintiff and Counterclaim Defendant
PETROLIAM NASIONAL BERHAD