UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETROLIAM NASIONAL BERHAD,

    Plaintiff,

    v.

GODADDY.COM, INC.,

    Defendant.
_____/

No. C 09-5939 PJH

**ORDER GRANTING PLAINTIFF'S MOTION FOR REVIEW OF TAXATION OF COSTS IN PART AND DENYING IT IN PART**

    Before the court is the motion of plaintiff Petroliam Nasional Berhad ("Petronas") pursuant to Federal Rule of Civil Procedure 54(d)(1) seeking a review of the clerk's taxation of costs. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

    On January 3, 2012, the court issued an order granting the motion of defendant GoDaddy.com, Inc. ("GoDaddy") for summary judgment as to the causes of action alleged in the first amended complaint, and denying the motion as to GoDaddy's counterclaim, and denying Petronas' motion for partial summary judgment. The parties subsequently stipulated to dismissal of the counterclaim, and entry of final judgment, which order was entered on February 16, 2012. The final judgment is presently on appeal.

    GoDaddy filed its bill of costs on February 29, 2012, seeking $10,544.39 for fees for "printed or electronically recorded transcripts necessarily obtained for use in the case," and $6,365.04 for fees for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case," for a total of $16,909.43 for

37 items of costs. On March 14, 2012, Petronas filed objections to certain items listed in the bill of costs, and on March 16, 2012, GoDaddy filed a response.

On March 28, 2012, the clerk taxed costs in the amount of $13,697.63, having disallowed $3,211.80 of the $10,544.39 claimed for fees for "printed or electronically recorded transcripts necessarily obtained for use in the case." Specifically, the clerk disallowed costs for transcripts of court hearings (Items 11-13) and videotaped copies of depositions for which GoDaddy also sought the cost of written transcripts (Items 1-3). On April 11, 2012, Petronas filed the present motion, seeking review of the clerk's taxation of costs.

## DISCUSSION

A.  Legal Standard

28 U.S.C. § 1920 authorizes a judge or clerk of the district court to tax costs. Pursuant to Federal Rule of Civil Procedure 54(d), costs (other than attorney's fees) should be awarded to a prevailing party unless a statute, rule, or court order provides otherwise. Fed. R. Civ. P. 54(d)(1). "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." Stanley v. University of So. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999). Taxable costs are listed in 28 U.S.C. § 1920 as follows:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Civil Local Rule 54-3 provides additional standards for interpreting the costs allowed under § 1920. Upon motion for review of the Clerk's taxation of costs, the Clerk's actions may be reviewed by the Court. Fed. R. Civ. P. 54(d)(1). The taxation of costs lies within the trial court's discretion. Assoc. of Mexican-American Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000).

If the district court wishes to depart from the presumption in favor of awarding costs, it must "specify reasons" for doing so by explaining "why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." Id. at 591-93. District courts may consider a variety of factors in determining whether to exercise their discretion to deny costs to the prevailing party. Id. at 592-93.

B.    Petronas' Motion

As an initial matter, Petronas asserts that the entire bill of costs should be denied, arguing that this was a close and difficult case that presented difficult issues, and which Petronas litigated in good faith. The court has considered this argument, and finds that Petronas has failed to rebut the presumption created by Rule 54(d) that costs should be awarded to GoDaddy, the prevailing party in this case.

Petronas also asserts that specific items of GoDaddy's costs should be disallowed. Specifically, Petronas contends that Items 4-6, 8-10, and 14-36 are improper. In other words, Petronas objects to all remaining items of costs, with the exception of Item 7 ($401.50 for transcript of Munson and Roling depositions) and Item 37 ($81.19 for preparation of demonstrative diagram).

1.    Transcripts Necessarily Obtained for Use in the Case

a.    Deposition of Yeoh Suat Gaik (Item 4)

GoDaddy sought, and the clerk taxed, $1,243.80 for costs associated with this deposition. Petronas objects to payment of this cost because the witness was produced as a corporate representative for GoDaddy on issues related to GoDaddy's counterclaim. Petronas asserts that because DoDaddy did not prevail on its counterclaim, this cost should be disallowed. Alternatively, Petronas contends that the cost should be reduced to $1,051.53 to eliminate the $177.50 charge for a "rough draft" as well as the $15.00 charge for "shipping and handling."

Under Civil Local Rule 54-3(c)(1), "[t]he cost of an original and one copy of any deposition . . . taken for any purpose in the case is recoverable." Since this deposition was taken for a "purpose in the case," the cost is allowable. However, the court will disallow the

cost of the "rough draft" copy, because it appears to be a copy in addition to the permitted original and one copy. Finally, the court finds that the charge for "shipping and handling" can reasonably be viewed as part of "the cost of an original and one copy of any deposition." Civ. L.R. 54-3(c)(1). Accordingly, the cost of the Gaik deposition will be taxed at $1,066.30

b.  Deposition of Kevin Fitzsimmons (Item 5)

GoDaddy sought, and the clerk taxed, $1,161.76 for costs associated with this deposition. Petronas argues that this cost should be reduced to $1,044.26, to eliminate the $102.50 charge for a "rough draft" and the $15.00 charge for "shipping and handling." Petronas also asserts that because the amount of the cost for "expedited" handling is not specified on the invoice, GoDaddy should be required to provide additional documentation, and the bill of costs should be remanded to the clerk for re-taxing.

For the reasons stated above, the cost of the "rough draft" will be disallowed, and the cost for "shipping and handling" will be allowed. The cost for "expedited" processing is also disallowed. However, because the invoice does not indicate what portion of the charge for the "original and 1 certified electronic copy" of the transcript is for expedited services, GoDaddy must provide some additional documentation showing how the charge is broken down. Accordingly, the cost of the Fitzsimmons deposition will be taxed at $1,059.26, minus the cost of the expedited processing.

c.  Deposition of Tina Dam (Item 6)

GoDaddy sought, and the clerk taxed, $1,991.18 for costs associated with this deposition. Petronas argues that the cost should be reduced to $1,742.21 to eliminate the $16.00 charge for "ASCII & Condensed," the $181.50 charge for a "rough draft," and $51.47 for "shipping and handling." Petronas also argues that because the amount of the cost for "expedited" handling is not specified on the invoice, GoDaddy should be required to provide additional documentation, and the bill of costs should be remanded to the clerk for re-taxing.

The cost of "ASCII and Condensed" is allowed, as part of the "cost" of the

4

transcripts. For the reasons stated above, the cost of the "rough draft" will be disallowed, and the cost for "shipping and handling" will be allowed. The cost for "expedited" processing is also disallowed. However, because the invoice does not indicate what portion of the charge for the "original and 1 certified electronic copy" of the transcript is for expedited services, GoDaddy must provide some additional documentation showing how the charge is broken down. Accordingly, the cost of the Dam deposition will be taxed at $1,809.68, minus the cost of the expedited processing.

    d.  Depositions of Laurie Anderson, Jessica Hanven (part 1), and Rod Simonini (Item 8)

GoDaddy sought, and the clerk taxed, $1,186.65 for costs associated with these three depositions. Petronas asserts that the cost should be reduced to $916.00 to eliminate the $105.00, $126.00, and $30.00 charges for "rough drafts," as well as the $9.65 charge for "shipping and handling."

For the reasons stated above, the cost of "shipping and handling" will be allowed. The court will also allow the cost of the "rough drafts," as the invoice indicates that the charge for each deposition is for "one copy - certified transcript" in addition to the "rough draft." Accordingly, the cost of the Anderson, Hanven (part 1) and Simonini depositions will be taxed at $1,186.65.

    e.  Depositions of Linda Jett, Ronald Hertz, and Matthew Bilunes (Item 9)

GoDaddy sought, and the clerk taxed, $370.65 for costs associated with these three depositions. Petronas argues that the cost should be reduced to $266.50 to eliminate the $21.00, $34.50, and $39.00 charges for "rough drafts," as well as the $9.65 charge for "shipping and handling."

For the reasons stated above, the cost of "shipping and handling" will be allowed. The court will also allow the cost of the "rough drafts," as the invoice indicates that the charge for each deposition is for "one copy - certified transcript" in addition to the "rough draft." Accordingly, the cost of the Jett, Hertz, and Bilunes depositions will be taxed at $370.65.

    f.  Depositions of Camile Ede, Jessica Hanven (part 2), and Tracy Carlson (Item 10)

  GoDaddy sought, and the clerk taxed, $977.05 for costs associated with these three depositions. Petronas contends that the total cost should be reduced by $199.70 due to an error in arithmetic, as the total of the charges listed on the invoice is $777.35, not $977.05 as the invoice states. Petronas also asserts that the cost should be reduced to eliminate the $122.40, $98.40, and $62.40 charges for "3-day expedite[d]" handling, the $67.50 and $25.50 charges for "rough drafts," and the $67.50 charge for "shipping and handling."

  For the reasons stated above, the cost of the "rough drafts" and the "expedited" handling will be disallowed, and the cost of "shipping and handling" will be allowed. In addition, the court will reduce the total to account for the arithmetic error. The cost of the Ede, Hanven (part 2) and Carlson depositions will be taxed at $494.15.

  2.  Fees for Exemplification and Costs of Making Copies

  GoDaddy sought, and the clerk taxed, $6,365.04 for reproduction and exemplification of documents (Items 14-36), in connection with e-discovery. Petronas argues that all these costs should be disallowed, because GoDaddy seeks to recover costs for work performed by technicians, and for copying/"blowback" costs.[1]

  The court finds that this work, which was necessary to convert computer data into a readable format, was an essential component of "[t]he cost of reproducing disclosure or formal discovery documents" used in the case, as permitted under Civil Local Rule 54-3(d)(2). The court takes note of the Third Circuit's opinion in Race Tires Am. Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158 (3d Cir. 2012), but concludes that in the absence of directly analogous Ninth Circuit authority, broad construction of § 1920 with respect to electronic discovery costs – under the facts of this case – is approrpriate. See also Taniguchi v. Kan Pacific Saipan, Ltd., 633 F.3d 1218, 1221 (9th Cir. 2011) (while award of costs is restricted to categories enumerated in § 1920, "[d]istrict courts are free to interpret

---

[1] In its reply brief, Petronas asserts that it does not oppose charges for file conversion, image endorsing, "Master CD-ROM," or "CD-ROM Duplication.

6

the meaning of the cast of categories listed within § 1920"). Accordingly, the costs that represent fees for exemplification and costs of making copies (Items 14-36) will be taxed at $6,365.04.

**CONCLUSION**

No later than May 23, 2012, GoDaddy shall provide documentation showing the charge for expedited processing of the Fitzsimmons and Dam depositions. GoDaddy shall also submit a proposed order setting forth the taxation of all taxable items of costs as set forth above, including the reductions for expedited processing. If GoDaddy fails to provide the requested documentation, the court will disallow the entire cost of the two depositions.

Once the order has been entered, the court will stay payment for 90 days to allow Petronas time to process the payment.

The May 23, 2012 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: May 8, 2012

PHYLLIS J. HAMILTON
United States District Judge